DAVID MERRIWETHER v. GEO. W. MERRIWETHER ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—326.]

## Liability of Trustee.

> A trustee, in handling an estate placed in his hands, must use ordinary prudence and discretion, and if he loans the money of the estate on security that at the time was reasonable and sufficient he can not be held liable for a subsequent loss unless he could have foreseen the loss, by the exercise of that judgment usually belonging to men of ordinary business habits.

### APPEAL FROM SHELBY CIRCUIT COURT.

October 6, 1881.

OPINION BY JUDGE PRYOR:

It was incumbent upon the trustee to manage and control the estate placed in his hands for the interest of the beneficiaries, and in order to do so it was necessary that he should make the trust fund productive, and make such loans or investments as one of ordinary prudence and discretion would have done with reference to his own affairs. His fiducial position required no greater degree of vigilance, and when loaning the money on a security that at the time was reasonable and sufficient, he should not be held responsible for any subsequent loss unless he could have foreseen with the exercise of that judgment that usually belongs to men of ordinary business habits that loss to his beneficiaries would be the result if steps were not taken to make the debt.

Although the deed and mortgage was made to the appellant individually it is evident that he regarded the investment made as trust property. He listed it for taxation as such, and reported it in his settlement; and those of the beneficiaries who were adults were aware of the fact that this investment had been made on the lands of Stephens.

The trustee has acted in the best of faith, managing and controlling a large estate for the best interest of his wards, unless the investment in this instance was such an error of judgment as indicates a want of proper care and precaution in securing the trust fund. The estate or land mortgaged by Stephens, as the proof shows, was certainly sufficient at the time of the loan to

pay the debt and the encumbrances upon it, and having made the loan it was the duty of the trustee to purchase in the property, if necessary to secure the debt. The trustee had full power under the will to make the investment, and having loaned the original $2,000, to buy in the property, if as a business man he had the right to believe it was to the advantage of the cestui que trust. If the investment was not a judicious one, or such as an ordinary business man would have made under the circumstances, of course the trustee would be liable. Now in this case it appears that the property was worth $5,000. Robinson states that the property purchased by the trustee at $4,000 he regarded as very cheap and would have taken it at that price. In this he is corroborated by the decided preponderance of the proof. It shows that the first year after he purchased the property, the trustee rented it for $600, a very handsome income on an investment of $4,000.

The fact that the land depreciated in value was not the fault of the trustee, and to hold him responsible would be to make him an insurer of the trust fund. This trust estate now amounts to about $26,000 and was placed in the hands of the trustee by the testator on account of his confidence in his honesty and good judgment in the control of such an estate. The fund with the expenditures included has increased in the hands of the trustee. His expenditures, so far as appears from the record, were prudent and economical, and having acted in the best of faith and with a judgment that almost any business man would have exercised with reference to the investment, he ought not to be held responsible for an imaginary loss, that if established will work but little injury to the beneficiaries of the trust fund. The proof of the appellee shows that the land is worth $3,500.

The judgment is therefore *reversed* and cause remanded with directions to credit the trustee with the $4,000, and require the appellant to convey to the present trustee or the beneficiaries the land in which the investment was made, free from all encumbrances.

*A. Duvall, Ira Julian, for appellant.*

*Bullock & Beckham, for appellees.*